CROWLEY *v.* CROWLEY.

CANCELLATION OF DEED—EVIDENCE—SUFFICIENCY.
> On a bill to set aside a deed from complainant to her son on
> account of undue influence, evidence examined, and *held,* to
> support a decree for complainant.

Appeal from Muskegon; Russell, J. Submitted February 8, 1905. (Docket No. 109.) Decided May 12, 1905.

Bill by Julia Crowley against Jeremiah Crowley to set aside a deed. From a decree for complainant, defendant appeals. Affirmed.

*James E. Sullivan,* for complainant.

*Turner & Turner,* for defendant.

McALVAY, J. Complainant is mother of the defendant, and filed her bill of complaint in the circuit court for Muskegon county to set aside a certain deed to him, dated May 19, 1903, on account of undue influence. Complainant is 80 years old, and unable to read or write. She owned certain real estate in Muskegon county, left her by the will of her husband, Michael Crowley, who died May 4, 1901. She has three children living, and a granddaughter. The record discloses that she has made three wills, and that she has twice attempted to distribute her real estate by deeds to the three children, having made six deeds. The first set of three deeds, made May 6, 1903, were destroyed on May 19, 1903, when she made three others. Among these last deeds was the one in question in this suit. The first deed to defendant, dated May 6th, was "to take no effect until after my demise and funeral expenses paid." This deed was not recorded on account of imperfect execution. The deed in dispute re-

served to complainant the use and occupation of the premises during her lifetime, and defendant was to pay the granddaughter, on her coming of age, $100. The land deeded was one-half of the homestead, which complainant had occupied for more than 30 years. The other half was deeded to the son Patrick. All the deeds to the sons were for a nominal consideration.

Defendant had been living in North Dakota. He came back in March, 1903. All these instruments mentioned, except the first will, were made after his return. Another instrument was drawn May 6, 1903, in the nature of a bond from Patrick and Jeremiah Crowley to the granddaughter to pay her $200, and on the same paper a testamentary document by complainant, and an order, presumably to the bank, at her death, to pay $200 to her sons, $100 for cemetery lot, $100 for funeral expenses, and the balance to Father Whalen. Defendant claimed that, after the last deed to him, he made a verbal lease of the premises with his mother for her lifetime at $100 per year. Complainant left her home soon after this deed was made to defendant, claiming that she was ill-treated, and later filed her bill in this case.

The situation as indicated by the foregoing outline was thoroughly investigated upon hearing in open court. The issue was purely one of fact. There is no question of law in the case. An examination of the testimony satisfies us that the proofs sustained the complainant's bill, and the circuit judge made the proper decree in the case.

The decree is affirmed, with costs.

MOORE, C. J., and CARPENTER, GRANT. and BLAIR, JJ., concurred.