TALCOTT *v.* FREEDMAN.

1. SALES—CONTRACT—MODIFICATION.

Where a contract for the sale of goods is entered into by means of an order for the same and an unconditional acceptance thereof, subsequent correspondence between the parties concerning payment, and relative to the buyer's credit, no agreement being reached, is ineffectual to modify the contract so as to relieve the seller of the duty of shipping all the goods as agreed.

2. SAME—CONSTRUCTION—QUESTION OF LAW.

The construction of letters depended upon to modify a contract is a question of law for the court and it is error to submit the same to the jury.

3. SAME—FAILURE TO PERFORM—DAMAGES.

The measure of damages for failure to supply goods procurable in the open market is the additional cost to the buyer; but, if the goods are not obtainable, the buyer is entitled to recover the profits lost through the fault of the seller.

4. SAME—EVIDENCE—ADMISSIBILITY.

In an action for damages for failure to supply goods as agreed, the buyer is entitled to show what efforts he made to procure the goods in the open market, by correspondence and otherwise.

5. SAME—INSTRUCTIONS.

In an action for damages for failure to supply goods as agreed, evidence as to a fire which occurred in the buyer's store several months after the transaction is immaterial, and it is erroneous and prejudicial for the court to refer to it in the charge as an "important factor" in the termination of the buyer's business.

Error to Wayne; Donovan, J. Submitted February 18, 1907. (Docket No. 14.) Decided October 4, 1907.

Assumpsit by James Talcott against Louis Freedman, Ephraim M. Love, David R. Love, Harry Love, and Henry Rosenthal, copartners as Freedman, Love & Com-

pany, for goods sold and delivered.   There was judgment
for plaintiff, and defendants bring error.   Reversed.

*Sloman & Sloman,* for appellants.

*Bowen, Douglas, Whiting & Murfin,* for appellee.

McALVAY, C. J.   Plaintiff sued defendants, copartners,
for certain goods sold and delivered under a contract
which was entered into between the parties contained in
certain letters introduced in evidence.   This is the second
time the case has been before this court.   On the first
trial a verdict was directed by the trial judge against de-
fendants on the ground that no contract was shown be-
tween the parties which would authorize recoupment.
The judgment entered upon such verdict was reversed,
and a new trial ordered.   140 Mich. 32.

Upon the second trial it was claimed that the corre-
spondence showed that a change was made in the contract
entered into, which relieved plaintiff from delivering the
entire amount of goods purchased.   The facts in the case
and all the letters relied upon are found in the former de-
cision of the court, to which reference is had.   In that de-
cision it was held that a contract existed between the par-
ties, for a breach of which damages might be recovered.
See former opinion and cases cited.

The claim of plaintiff that a change had been made in
this contract by the letters dated November 22, November
26, November 28, and December 2, 1902, is not tenable.
The most that can be said of the letter from plaintiff of
the date of November 22d, is that it was a proposition to
change the agreement, and the answer of defendants
dated November 26th, was a counter proposition.   No
change was agreed upon between the parties.   The ques-
tion of the construction of these writings was a question
of law for the court.   The court erred in submitting the
question to the jury.   The only question for the jury to
determine in the case was the question of the damages, if
any, sustained by defendants, on account of the failure of

plaintiff to deliver the balance of the goods purchased.

In the former opinion the court indicated that the correct rule for the measure of damages in this case, was that laid down in the case of *F. W. Kavanaugh Manfg. Co.* v. *Rosen*, 132 Mich., at page 48. In that case the court said:

"The rule of damages in case they were able to procure the goods in the open market would be the additional cost to them; but, if the goods were not obtainable, defendants would be entitled to recover the profits lost through the fault of plaintiff." Citing *Den Bleyker* v. *Gaston*, 97 Mich. 354.

The court should have so charged upon the question of damages. The charge as given was erroneous.

Defendants were entitled to show what efforts they made to procure these goods in the open market, whether by correspondence or otherwise, and the court was in error in excluding evidence tending to show that fact.

The contract is silent as to the place of delivery of the goods. Upon the record before us the question is immaterial. Plaintiff, upon demand, refused to deliver the balance of the order, and defendants' proof tended to show that the goods could not be obtained on the open market. The evidence as to the fire which occurred in defendants' store several months after this transaction was wholly immaterial and the court so held. Reference to it in the charge, as an "important factor" in the termination of defendants' business was erroneous and prejudicial.

The judgment is reversed, and a new trial granted.

CARPENTER, OSTRANDER, HOOKER, and MOORE, JJ., concurred.