——— Gilman, Plaintiff, *v.* Broad Brook Company, Defendant.

Supreme Court, New York County, May 20, 1930.

*Charles Eno*, for the plaintiff.

*Gustav Lange, Jr.*, for the defendant.

VALENTE, J. Plaintiff brings this action for damages for non-delivery of two orders of cloth, one known as 2411, the other as 2410. Defendant had agreed to manufacture this cloth for the plaintiff, who was a manufacturer of overcoats. By reason of the non-delivery it is alleged in the complaint that plaintiff could not make delivery of manufactured garments to his customers, because the cloth could not be purchased in the open market and could not be procured at any mill other than that of the defendant. The latter does not deny the non-delivery, but sets up the defense of cancellation by reason of failure of the plaintiff to make payments on prior installments delivered. As to this defense there are two disputed elements: *First*, whether defendant actually canceled the contract; and, *second*, whether there was such a material breach on the part of the purchaser as to justify a cancellation pursuant to section 126 of the Personal Property Law (as added by Laws of 1911, chap. 571), if indeed such a cancellation actually took place. On neither point has defendant sustained the burden.

The only feature that remains to be considered is whether the goods purchased were of such a character as not to be obtainable in the market. If similar goods could have been obtained elsewhere upon order, but after long delay in delivery and too late to enable plaintiff to comply with the orders from his customers, he was not obliged to resort to such a course. The evidence shows that the designs of the orders were formulated by the plaintiff, possibly with the assistance of the defendant's salesman, and the orders for overcoats were obtained from plaintiff's customers upon these samples. As to order No. 2410, the quality and design are not sufficiently differentiated from those of goods of other manufacturers to enable the court to say that they could not be readily obtained in the open market; and, as there is no claim of damages based upon the difference between the contract and market prices, the second cause, based upon non-delivery of 2410, must be dismissed.

As to order No. 2411, it appears that plaintiff could not readily obtain in the open market the goods to fulfill his contracts with his customers. Defendant made an effort to show that similar goods could have been purchased from jobbers to whom he made sales. But his testimony, when analyzed, shows that only trivial quantities of these were carried by the jobbers. Plaintiff proved that he was unable to deliver 814 overcoats to be manufactured from these goods.

His measure of damages under section 148 of the Personal Property Law (as added by Laws of 1911, chap. 571) is " the loss directly and naturally resulting in the ordinary course of events from the seller's breach of contract." Since the other test or measure of damages mentioned in that section as to the difference between the contract price and the market price fails, plaintiff may prove the ordinary and usual net profits resulting from business conducted in the ordinary and usual way, which he has lost by reason of the breach. (*Orester* v. *Dayton Rubber Mfg. Co.*, 228 N. Y. 134; *Ehrenworth* v. *Stuhmer & Co.*, 229 id. 210.) The cloth which entered into each garment cost eighteen dollars and fifty cents out of a total cost of thirty-six dollars. It, therefore, constituted fifty-one and four-tenths per cent of its entire value. Since plaintiff's average net profit on each overcoat was eleven dollars his proportional damage per garment by reason of the non-delivery of the cloth was five dollars and sixty-five cents. This makes its entire damage on 814 overcoats four thousand six hundred dollars. The plaintiff is also entitled to interest on that sum, from November 1, 1925, in accordance with the rule in *Baxter* v. *Lustberg* (205 App. Div. 673).

I, therefore, direct judgment in favor of the plaintiff in the sum of $4,600, with interest from November 1, 1925.