CLARA CICCONE, PLAINTIFF-RESPONDENT, v. THE CO-
LONIAL LIFE INSURANCE COMPANY OF AMERICA,
DEFENDANT-APPELLANT.

Argued October 25, 1932—Decided January 31, 1933.

For the appellant, *Autenreith, Gannon & Wortendyke.*

For the respondent, *Saul Nemser (Gerald T. Foley,* of counsel).

The opinion of the court was delivered by

HEHER, J.  Plaintiff brought this action upon a policy of insurance issued by defendant upon the life of her deceased husband.  She was the designated beneficiary.  The trial judge directed a verdict in her favor, and defendant appealed from the judgment entered thereon.

The insured died on March 28th, 1929.  The policy provided for the payment of the annual premium in quarterly installments on the 13th day of January, April, July and October.  The answer alleged a default in the payment of the premium due on October 13th, 1928, and that by reason of the continuance of the default to November 15th, the policy lapsed and became void.  It was also alleged that the policy was not reinstated in the manner therein provided.

The evidence established the payment to defendant, on December 28th, 1928, of the premium in default.  It was paid by the insured's check to the order of defendant, and was endorsed by the latter and deposited in one of its bank accounts.  It was not thereafter returned to the insured.

The first ground for reversal is that the trial court erred in denying defendant's motion for a nonsuit.  It is contended that this motion should have been granted because the plaintiff, in her reply, pleaded a waiver of the default in the payment of the premium "under an agreement between the *plaintiff* and the defendant," and failed to prove such agreement.

The reply does, in fact, allege an agreement with the *plaintiff,* but this apparently was treated at the trial as a misstatement of the pleader, and the case was tried on the theory that the waiver asserted by plaintiff resulted from the acceptance by defendant of the premium in default.  De-

fendant will not now be permitted to urge the impropriety of the trial court's ruling because it disregarded the precise issue raised by the pleadings. *Berg* v. *Rapid Motor Vehicle Co.*, 78 *N. J. L.* 724; *Garretson* v. *Appleton*, 58 *Id.* 386; *Phillips* v. *Borough of Longport*, 90 *Id.* 212.

The second and third grounds of appeal are that the trial court erred in rejecting the defendant's offer in evidence of conversations between the witness, Cipriano, and the plaintiff, presumably offered for the purpose of showing that the premium in default was received conditionally, and of book entries made or directed by, and other acts of, this witness, offered for the same purpose.

These questions are not properly raised by the grounds of appeal. There was a failure to comply with the well established rule that the grounds of appeal, in the case of rulings on evidence, should state the name of the witness, and the questions or answers objected to and ruled upon by the trial judge. *Booth* v. *Keegan*, 108 *N. J. L.* 538.

The next ground urged for reversal is that the trial judge erred in refusing to admit secondary evidence of the giving of notice of the lapsing of the policy for nonpayment of the premium, claimed to have been mailed by the defendant to the insured.

This contention is without merit. Defendant did not make a timely demand for the production of the written notice claimed to have been forwarded to insured. It was not made until after the trial had commenced, and shortly thereafter, and before time had been given for the compliance with the demand, the offer of the secondary evidence was made.

The rule is that notice given or demand made during the trial is not sufficient, if the paper is not shown to be in court, or readily procurable by the party who is supposed to have it, unless the party denies the existence of the paper, or that it is in his possession or under his control. 22 *C. J.* 1065, 1066.

The evidence here did not present a situation calling for compliance with defendant's demand. Furthermore, the witness through whom the secondary evidence was offered was

not the agent who forwarded the notice claimed to have been dispatched to insured, and the evidence thus offered was inadmissible on that ground also.

In support of its claim that there was error in directing a verdict, defendant contends that there was a jury question as to the date of the tender of the premium due on January 13th, 1929. This claim is without merit. Defendant, in its answer, did not set up as a defense the now alleged default in the payment of the premium due on that date, and the case was tried on the theory that the policy lapsed by reason of the non-payment of the premium due on October 13th, 1928. Furthermore, the undisputed evidence established that payment of this premium was tendered and refused upon the ground that the previous default had vitiated the policy.

It is next argued that there was a question of fact as to whether defendant had accepted the premium in default conditionally, and had made reasonable efforts to return it. There was no evidence tending to show a conditional receipt of the premium in default. After its receipt it was deposited in the bank account of defendant, and evidence of efforts made thereafter to locate the insured for the purpose of returning the premium was immaterial. By the acceptance of the premium, defendant waived the forfeiture. The policy was thereby revived, and continued to be a valid and outstanding obligation against the insurer. *Kozloski* v. *Prudential Insurance Co.*, 95 *N. J. L.* 101.

Lastly, appellant contends that the trial judge, in directing the verdict, fell into error, in that he allowed interest from the date of insured's death rather than from the date of the institution of suit, and failed to allow a deduction of $197.60, the policy premium for the year 1929.

There was no error in the allowance of interest from the date of insured's death. While the policy provides that the principal shall become payable "immediately upon receipt of due written proof of the death" of insured, defendant, from the outset, disclaimed liability thereon. The defense set up in its answer was that the policy was void at the time of insured's death because of the non-payment of the premium.

The applicable rule is that preliminary proof of loss or death required by a policy is intended for the security of the insurer in paying the amount insured. If the insurer refuses to pay at all, and bases its refusal upon some distinct ground without reference to the want or defect of the preliminary proof, the occasion for it ceases, and it will be deemed to be waived. Having denied that the policy was in force at the time of insured's death, and its liability having been established, appellant cannot now claim the benefit of the provision in the policy with respect to notice and due proof of death. *Knickerbocker Life Insurance Co.* v. *Pendleton,* 112 *U. S.* 696; 5 *Sup. Ct.* 314; 28 *Law Ed.* 866; *New York Life Insurance Co.* v. *Slocomb,* 284 *Fed. Rep.* 810. Counsel for respondent, in his brief, has signified his consent to the allowance of the premium, and the judgment will be modified to that extent.

The judgment below, as modified, will therefore be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, HEHER, KAYS, HETFIELD, WELLS, KERNEY, JJ. 13.

*For reversal*—None.