SAMUEL FELDMAN AND BENJAMIN HOROWITZ, PLAINTIFFS-RESPONDENTS, v. JACOB BRANFMAN & SON, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided May 15, 1933.

38

For the defendant-appellant, *Benjamin L. Stein.*

For the plaintiffs-respondents, *Milton M. Unger.*

The opinion of the court was delivered by

HEHER, J. This is an appeal from a judgment entered upon a verdict awarding plaintiffs $4,085.72, in an action for breach of contract. The contract was in writing, and thereby defendant, a manufacturer of kosher food products, agreed to sell to plaintiffs, and the latter agreed to purchase from defendant exclusively, "all the meat products and other 'Branfman' products required" by plaintiffs to carry on the kosher delicatessen business in the city of Paterson. The agreement acknowledged the deposit by plaintiffs with defendant of $1,000, as security "for the faithful performance" of the terms thereof. It was expressly provided that in the event of a breach of the agreement by plaintiffs, the sum so deposited should belong to defendant as liquidated damages, and in case of full performance, it should be returned to plaintiffs.

The complaint is in two counts. The first alleges that defendant breached the agreement, in that it refused to sell or deliver the stipulated goods to plaintiffs, and seeks recovery of lost profits, advertising expenses incurred, and the cost of setting up an organization to market the merchandise. The second count demands the sum posted as security.

Defendant filed an answer denying the alleged breach, and setting up, by way of defense, (1) a breach of plaintiffs' express covenant to purchase the designated food products only from defendant, and as a result the forfeiture of the sum deposited as security; and (2) default by plaintiffs in the payment of the purchase price of goods sold and delivered under the contract; defendant's election to consider it a breach of the agreement, and notice of such election to plaintiffs. By counter-claim defendant sought the recovery of $440.42, the price of goods sold and delivered under the agreement.

The trial judge charged, in substance, that the measure of the buyer's damages for the failure of the seller to deliver the goods which formed the subject of the contract, is the loss directly and naturally resulting, in the ordinary course of events, from the seller's breach of the contract, and that where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver. This is the rule prescribed by the Uniform Sales act of 1907. 4 *Comp. Stat., p.* 4663. The applicability of this rule is not controverted by appellant.

Plaintiffs contended that the goods had a peculiar character, or quality, and were not procurable in the open market. The question of the existence of an available market was submitted to the jury as an issue of fact. Specifically applying the rule for the admeasurement of damages, the court charged that, in event there was no available market, plaintiffs were entitled to recover lost profits, expenses incurred for advertising, and the cost of preparation for the marketing of the goods to be delivered under the contract. The legal soundness of this instruction was not challenged by appellant at the trial, and it was not made the subject of a ground of appeal.

Appellant's first contention is that the trial judge erroneously overruled objections to questions framed to elicit, for the purpose of computing the alleged lost profits, evidence of the profit made by respondents from sales of goods actually delivered by appellant, and those of like character, in the normal course of their business. The rulings on these questions are not properly before us. The grounds of appeal do not state the name of the witness to whom the questions were put. It is a well-established rule that the grounds of appeal in cases of rulings on evidence should state the name of the witness, and the questions or answers objected to and

ruled upon by the trial judge. *Ciccone* v. *Colonial Life Insurance Co.*, 110 *N. J. L.* 276; 164 *Atl. Rep.* 444. Furthermore, the objections here advanced were not presented to the trial judge, and therefore this assignment lacks efficacy. Grounds of objection to the admission of evidence not presented to the trial court will not be considered on appeal. *Schreiner* v. *New York and New Jersey Tel. Co.*, 82 *N. J. L.* 743. However, the objections advanced, here and in the trial court, are unsubstantial.

It is next contended that the trial judge erred in admitting in evidence receipted bills showing disbursements made by respondents for newspaper advertisements of their food products. The objection is two-fold, viz.: (1) that the advertisement included goods other than those sold and delivered to respondents by appellant, and (2) that respondents were not entitled to recover both lost profits and "the preliminary outlay or expenditures in anticipation of performance of" the contract. Appellant's criticism of the challenged rulings is devoid of merit. Each party charged the other with breaches of the contract in substantial particulars, and in that situation any competent evidence tending to show performance was admissible. Evidence of disbursements for advertising made by respondents was clearly relevant on the issue of performance *vel non*. It is not essential to the admissibility of evidence that it should prove the issue on which it is offered. It is necessary only that it should tend to prove the issue, or some part of it. The evidence admitted therefore was competent and relevant for this purpose.

The point that this evidence was inadmissible on the ground that it was not a proper element of damage is without substance. The *prima facie* measure of damages for the breach of a contract is the amount of loss which the injured party has sustained thereby. He is entitled to the value of the contract to him. It was this that he lost by the default of the other. In the absence of an available market for the goods in question, recovery may be had for lost profits, if the loss results directly from the breach of the contract, or is such as might reasonably be supposed to have been in the

contemplation of both parties at the time of the making of the contract, as the result of non-performance, and if there are any criteria by which probable profits can be estimated with reasonable certainty. *Wolcott* v. *Mount,* 36 *N. J. L.* 262; *Bartow* v. *Erie Railroad Co.,* 73 *Id.* 12; *Holt* v. *United Security Life Insurance and Trust Co.,* 76 *Id.* 585; *Orester* v. *Dayton Rubber Mfg. Co.,* 228 *N. Y.* 134; 126 *N. E. Rep.* 510; *Barnett* v. *Caldwell Furniture Co.,* 277 *Ill.* 286; *Flores* v. *Basso,* 229 *Mich.* 577; 201 *N. W. Rep.* 875. What respondents might have made had the contract been carried out was the gross profit less the expenses of the business properly chargeable to the resale of appellant's goods sold and delivered under the contract. *Holt* v. *United Security Life Insurance and Trust Co., supra; Orester* v. *Dayton Rubber Manufacturing Co., supra; Black Diamond Fuel Co.* v. *Illinois F. & P. Co.,* 219 *Ill. App.* 150. Expenditures incurred in preparation for performance, or in part performance of the contract, where such expenditures are not otherwise reimbursed, are recoverable. *Holt* v. *United Security Life Insurance and Trust Co., supra.* But if, in calculating the net profit, such expenditures are included in the expenses of the business properly chargeable to the resale of the goods, recovery could not be had for these items in addition to the net profits, for in that situation respondents would receive more than the value of the contract, or, in the words of Chancellor Pitney, in *Holt* v. *United Security Life Insurance and Trust Co., supra,* a "double recovery."

Evidence legal for some purpose cannot be excluded because the jury may erroneously apply it otherwise. The court, on request, will always guard against such an error; or if not, a party aggrieved may then take his exception. *Trenton Passenger Railway Co.* v. *Cooper,* 60 *N. J. L.* 219; *Jeralaman* v. *Belleville,* 90 *Id.* 206; *In re Board, &c., West New York,* 103 *Id.* 419. There was no request in the instant case for cautionary instructions, nor did appellant except to the court's charge, at respondents' request, that an award to respondents should include advertising expenditures incurred and the cost of preparation for the performance of the con-

tract. This instruction is not challenged by the grounds of appeal.

The next ground for reversal urged by appellants is that there was error in the denial of the motion to strike out the testimony relating to sales by respondents of merchandise subsequent to September 18th, 1930, and of the gross profits realized from the sales. It is argued that this testimony was uncertain and indefinite, and therefore could not furnish a basis for estimating respondents' probable loss of profits. It was evidence sufficiently definite and certain to furnish a criterion by which the probable profits could be estimated with reasonable certainty. It was clearly competent. Its weight and value as a guide in measuring the damages was for the jury. This disposes of appellant's next contention that the court erred in refusing to charge the jury that only nominal damages could be allowed to respondents, if an award were made.

The next point urged is that the trial judge erred in charging the jury that $559.58, the balance of the sum deposited as security, was admittedly due to respondents. It is argued that in thus directing the jury to award respondents this sum, even though they breached the contract, the trial judge fell into error. But even so, appellant was not prejudiced thereby. It requested the court to charge (1) that if the jury found that respondents breached the agreement by purchasing food products from third parties, in violation of its terms, and that appellant canceled the contract, they were not entitled to damages for breach of contract; and (2) that if the jury found that respondents breached the contract by failing to pay for merchandise sold and delivered in accordance with the terms thereof, they were not entitled to recover damages for breach of contract. The first request was charged. The second was denied, but the denial was not made the basis of a ground of appeal. The jury found that the contract had been breached by appellant, but not by respondents. The deposit money was to be the property of appellant, as liquidated damages, only in event of a breach of the agreement by respondents. It follows that if there was error in this passage of the charge, it was harmless.

Lastly, it is contended that there is no legal evidence to support the verdict. This ground of appeal has nothing to support it. There was no motion for a nonsuit or a direction of a verdict in favor of appellant, and therefore no ruling, duly excepted to, upon which to rest a ground for reversal.

Judgment affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 12.

*For reversal*—PARKER, CASE, JJ. 2.