ALEX BUYER et al., Copartners Doing Business under the Name of BUYER SILK MANUFACTURING Co., Respondents, *v.* MERCURY TECHNICAL CLOTH AND FELT CORPORATION, Appellant.

Argued February 21, 1950; decided May 25, 1950.

*Max Shlivek* and *Saul S. Brin* for appellant. I. The verdict should have been set aside since plaintiffs failed to prove their damages by establishing (a) that there was an available market, and (b) the market price of the goods at the time they should have been delivered. (*Parsons* v. *Sutton,* 66 N. Y. 92; *Goldstein* v. *Arkell & Douglas, Inc.,* 164 N. Y. S. 580; *Beardsley* v. *Nieblo Mfg. Co.,* 231 App. Div. 152; *Levant Amer. Commercial Co.* v. *Wells & Co.,* 186 App. Div. 497; *Rau* v. *Seidenberg,* 53 Misc. 386; *Carey Lithograph Co.* v. *Magazine & Book Co.,* 70 Misc. 541; *Parrott* v. *Allison,* 145 F. 2d 415; *Thames Bldg. & Contr. Co.* v. *Iaccio,* 128 Misc. 845; *Orester* v. *Dayton Rubber Mfg. Co.,* 228 N. Y. 134.) II. Prejudicial error was committed when the trial court erroneously charged the jury as to what constituted an available market and market price. (*Orester* v. *Dayton Rubber Mfg. Co.,* 228 N. Y. 134.) III. Sufficient evidence was adduced by plaintiffs to present a question of fact for the jury as to whether the contract of purchase and sale

had been cancelled. The trial court erroneously refused to submit this question to the jury. (*Goldfeld* v. *Glickstein & Terner, Inc.,* 14 N. Y. S. 2d 735; *Union Nat. Bank* v. *Dean,* 154 App. Div. 869.)

*Samuel Rubin* and *Seymour J. Ugelow* for respondents. I. Plaintiffs proved the existence of an available market and their damages in conformity with section 148 of the Personal Property Law. (*Saxe* v. *Penokee Lbr. Co.,* 159 N. Y. 371; *Smith* v. *New York, O. & W. R. R. Co.,* 119 Misc. 506; *McAnarney* v. *Newark Fire Ins. Co.,* 247 N. Y. 176; *Wehle* v. *Haviland,* 69 N. Y. 448; *O'Gara* v. *Ellsworth,* 85 App. Div. 216; *Harrison* v. *Argyle Co.,* 128 App. Div. 81, 198 N. Y. 628.) II. The trial court correctly refused to submit to the jury the question as to whether the contract of purchase and sale had been cancelled. (*Gillet* v. *Bank of America,* 160 N. Y. 549; *Moran* v. *Standard Oil Co.,* 211 N. Y. 187; *Atterbury* v. *Bank of Washington Heights,* 241 N. Y. 231; *Fadex Foreign Trading Corp.* v. *Crown Steel Corp.,* 272 App. Div. 273, 297 N. Y. 903.)

FROESSEL, J. In an action founded on a contract for the sale of a quantity of bleached white lawn, plaintiffs-buyers allege defendant-seller's breach in failing to deliver in accordance with the terms of the contract. Defendant concedes nondelivery, but urges that the trial court erred in charging the jury that the contract sued on was not rescinded or cancelled, and only the time for delivery was extended. We hold that the court's charge in this respect was correct, for defendant's letter to plaintiff dated August 16, 1946, stating: " Delivery of the goods is extended to the end of September 1946 ", definitely fixes the nature of the subsequent agreement between the parties as a mere extension of the time of delivery.

The only remaining question urged upon us relates to the damages awarded. In this connection, defendant contends (1) that plaintiffs have failed to prove their damages in that they omitted to establish that there was an available market and the market price of the goods at the time they should have been delivered, and (2) that the trial court's charge to the jury as to what constituted an available market and market price was erroneous in law and prejudicial.

The measure of damages on default of the seller is controlled by section 148 of the Personal Property Law. Plaintiffs made no attempt to show special damages but merely relied on the general rule as expressed in subdivisions 2 and 3 of the statute, and proceeded on the theory that subdivision 3 was applicable here, which subdivision reads as follows: '' Where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the difference between the contract price and the market or current price of the goods at the time or times when they ought to have been delivered, or, if no time was fixed, then at the time of the refusal to deliver.''

The only evidence adduced by them on the question of damages was that of plaintiff Alex Buyer and was directed toward showing market *price*. Nowhere in his testimony is there any evidence that there was an available market; the sum and substance of it is merely that there was an Office of Price Administration price. The trial court seemed to think that this was sufficient, for it ruled in effect that, though there is no evidence that the merchandise could be obtained, respondents had the '' right to put in the price.'' On the motion to set aside the verdict, the court said: '' The only inference from the testimony as to a market price is that there was an available market.'' If, indeed, one were permitted to draw such an inference, in view of the testimony expressly to the contrary adduced on behalf of defendant that there was no available market, this question became one of fact which was never properly submitted to the jury.

In order to show market price, a plaintiff who relies on that theory for his measure of damages must prove more than a mere price quotation; he must show that the goods in question were actually available for purchase by him in the market at that price; the law does not require that he actually make the purchase (*Saxe* v. *Penokee Lbr. Co.,* 159 N. Y. 371; *Orester* v. *Dayton Rubber Mfg. Co.,* 228 N. Y. 134; *Murphy* v. *Lifschitz,* 183 Misc. 575, affd. 268 App. Div. 1027, affd. 294 N. Y. 892). The principle upon which the statutory rule rests is the same as at common law, namely, '' that of an indemnification of the injured party for the injury which he has sus-

tained * * *. *If the article is bought and sold in the market,* the market price shows what pecuniary sum it would take to put the plaintiff in as good a position as if the contract had been performed.'' (Emphasis supplied.) (*Todd* v. *Gamble,* 148 N. Y. 382, 384–385; *Saxe* v. *Penokee Lbr. Co., supra,* pp. 377–378.) If, however, the merchandise is not bought or sold — in other words, if there is no available market where plaintiff can procure equivalent merchandise — his '' ' damages must be estimated from other means of valuation.' '' (*Todd* v. *Gamble, supra,* p. 385.) As we said in *Orester* v. *Dayton Rubber Mfg. Co.* (*supra,* p. 137): '' This rule [fixing the measure of damages by the market price] assumes, however, the possibility of such a *purchase* in the market. Then the *injured party* may *obtain* the articles but at a greater price. If this is made good, he is compensated. *But it may be none can be bought. Then the rule is inapplicable.* Some other method by which his loss may be fixed must be used.'' (Emphasis supplied.)

The witness here testified only as to the O.P.A. price of the goods in question. Under these circumstances, '' The so-called market price was purely fictitious '' (*Murphy* v. *Lifschitz, supra,* p. 578), in the absence of a showing that there were goods obtainable at that price. Since this is so, and respondents herein failed to prove their damage by any other method, they have failed, as a matter of law, to sustain the burden of proof as to damages, and are not entitled to judgment.

Moreover, the court committed error in misinterpreting to the jury section 148 of the Personal Property Law. After properly charging the statute, he said: '' The statute doesn't say that there must be goods available. It says where there is an available market. Now the Court construes that to mean where there *would have been a market for these goods if they had been obtained by this plaintiff.* And certainly if the defendant couldn't obtain the goods from the mills, there must have been a market in the City of New York.'' (Emphasis supplied.)

The court further charged that if the jury found that there was an available market '' for the sale of this merchandise '', they must award the plaintiffs the sum requested in the complaint or a lesser sum. Here, as elsewhere, the court confused

an available market where plaintiffs could freely *purchase,* for the purpose of fixing their damage, with an opportunity for *resale,* created by the very scarcity of the merchandise in question. The court's construction of an " available market " was clearly erroneous and completely misleading to the jury, and the result was tantamount to the direction of a verdict for the amount of plaintiffs' demand.

The charge of the trial court contained additional seeds of error in that he may have led the jury to believe damages might be awarded on the basis of profits lost. Suffice it to say that no such theory was advanced by plaintiffs nor was any proof submitted in that respect.

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgments reversed, etc.