AGRESS NUT & SEED CO., Appellant, *v.* ISSAC G. SARGISS, Doing Business as SAR AMERICAN PRODUCTS CO., et al., Respondents.

Supreme Court, Appellate Term, Second Department, December 23, 1953.

*Michael P. Bazell* for appellant.

*Frank H. Towsley* for respondent.

*Per Curiam.* In view of plaintiff's claim that there was no available market for the goods in question at the agreed time and place of shipment, plaintiff was entitled to introduce evidence of the market price of equivalent merchandise obtainable elsewhere. It was error to exclude plaintiff's proof on that subject. In the absence of a foreign market where equivalent merchandise could be procured, plaintiff's damages may be determined in some other manner, as provided in subdivision 2 of section 148 of the Personal Property Law. As stated in *Orester* v. *Dayton Rubber Mfg. Co.* (228 N. Y. 134, 139): " in determining the natural and proximate damages suffered by the plaintiff for the breach of this contract, if the other tests fail, he may prove the ordinary and usual net profits resulting from business conducted in the ordinary and usual way, which he has lost by reason of such breach. (*Talcott* v. *Freedman*, 149 Mich. 577; *Todd* v. *Gamble*, 148 N. Y. 382.) " See, also, *Buyer* v. *Mercury Tech. Cloth & Felt Corp.* (301 N. Y. 74).

The judgment should be unanimously reversed upon the law, with $30 costs to plaintiff, and case remitted to the court below for assessment of damages only and entry of judgment thereon.

WALSH, MURPHY and KLEINFELD, JJ., concur.

Judgment reversed, etc.