not apply to a plea for equitable recoupment which is urged in the form of a defense. (*Kelly Asphalt Block Co.* v. *Brooklyn Alcatraz Asphalt Co.*, 190 App. Div. 750, mod. 232 N. Y. 304; *Long Beach Trust Co.* v. *Warshaw*, 264 N. Y. 331, 334; *Herbert* v. *Day*, 33 Hun 461; *Maders* v. *Lawrence*, 49 Hun 360; *Marsh* v. *Richer*, 68 Misc. 587; 1 A. L. R. 2d 630–705.) Defendant Hicks, however, may not obtain affirmative relief against plaintiff, by way of counter-claim, for any balance proven in said defendant's favor, because, as a recoupment, his claim may only serve to abate, in whole or in part, plaintiff's demand. (*Fish* v. *Conley*, 221 App. Div. 609; *Batterman* v. *Pierce*, 3 Hill 171; 4 Carmody-Wait on New York Practice, pp. 439–440; 1 A. L. R. 2d 630, 666, 695; 34 Am. Jur., Limitation of Actions, § 64.) Present — Nolan, P. J., Adel, MacCrate, Schmidt and Beldock, JJ. [See *post*, p. 874.]

■

GEORGE W. WILKES, Respondent, v. CITY OF NEW YORK, Appellant.— Action to recover damages for personal injuries sustained when respondent was struck by a bullet fired by a police officer, employed by appellant, at a third person whom the officer was attempting to arrest. Judgment in favor of respondent affirmed, with costs. No opinion. Nolan, P. J., MacCrate and Schmidt, JJ., concur; Adel and Wenzel, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: In this action it is alleged, and the jury has found, that a police officer, appellant's employee, by his negligence, shot and injured respondent. The verdict is against the weight of evidence and should be reversed. The police officer, a man of twenty-seven years' experience, was attacked when he remonstrated with a drunken and disorderly citizen. The police officer was 5 feet 8 inches tall and his attacker 6 feet 2½ inches tall and powerful. The officer was twice thrown to the side-walk and seriously injured despite the interposition of bystanders who tried to come to his assistance. He spent ten days in a hospital after the assault and was incapacitated for a period of twenty-four days. The shooting occurred after he had been buffeted about and was in a dazed condition. Under these circumstances he was compelled to use his gun to repel his assailant. The fact that an innocent bystander was struck was most unfortunate, but, under the circumstances disclosed in the record, did not constitute negligence on the part of the City of New York.

■

# (February 8, 1954.)

■

AGRESS NUT & SEED Co., Appellant, v. ISAAC G. SARGISS, Doing Business as SAR AMERICAN PRODUCTS Co., et al., Respondents.— Motion for leave to appeal to the Appellate Division denied, without costs. Present — Nolan, P. J., Adel, Wenzel and MacCrate, JJ.; Murphy, J., not voting. [205 Misc. 57.]

■

LYMAN R. BRADLEY, Appellant, v. NEW YORK UNIVERSITY, Respondent.— Motion referred to the court that rendered the decision. Present — Adel, Wenzel, MacCrate and Murphy, JJ.; Nolan, P. J., not voting. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, MacCrate, Schmidt and Beldock, JJ.; Nolan, P. J., not voting. [See *ante*, p. 671.]