■ LTS CONTRACTORS, INC., Appellant, v HARTFORD INSURANCE COMPANY, Respondent. — Order unanimously affirmed, with costs. Memorandum: Special Term properly dismissed plaintiff's second cause of action which sought recovery for "consequential damages" arising from defendant's alleged failure promptly to pay plaintiff's actual damage claim. Such consequential damages neither arose from defendant's breach of the insurance contract, nor were they within the contemplations of the parties when the policy was issued (see *Orester v Dayton Rubber Mfg. Co.,* 228 NY 134, 137; *Fifty States Mgt. Corp. v Niagara Permanent Sav. & Loan Assn.,* 58 AD2d 177, 178; *Motif Constr. Corp. v Buffalo Sav. Bank,* 50 AD2d 718, 719, app dsmd 38 NY2d 894; see, also,

*Cohen v New York Prop. Ins. Underwriting Assn.,* 65 AD2d 71). Plaintiff's third cause of action seeking punitive damages was also properly dismissed. "Inasmuch as plaintiff's action is grounded upon private breach of contract, and does not seek to vindicate a public right or deter morally culpable conduct, punitive damages are not recoverable" (*Halpin v Prudential Ins. Co.,* 48 NY2d 906, 907; see *Reifenstein v Allstate Ins. Co.,* 92 AD2d 715; *Granato v Allstate Ins. Co.,* 70 AD2d 948, mot for lv to app den 48 NY2d 610). Nor may punitive damages be recovered for a claimed violation of subdivision 1 of section 40-d of the Insurance Law (*Dano v Royal Globe Ins. Co.,* 89 AD2d 817, 818, affd 59 NY2d 827). (Appeal from order of Supreme Court, Onondaga County, Tenney, J. — dismiss causes of action.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Moule, JJ.