■ CHARLES J. KANAPASKA, JR., Appellant, v PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Respondent.—In an action to recover damages based on the breach of an insurance contract, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Ferraro, J.), entered February 27, 1985, which granted the defendant's motion for summary judgment, and (2) a judgment of the same court, dated May 2, 1985, which is in favor of the defendant and against him.

Appeal from the order entered February 27, 1985, dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment affirmed.

The defendant is awarded one bill of costs.

The Supreme Court, Westchester County, properly dismissed the plaintiff's cause of action which sought recovery of punitive damages arising from the defendant's alleged failure to promptly pay the plaintiff first-party benefits to which he was entitled under a no-fault insurance policy. The plaintiff has failed to demonstrate that the defendant, in its dealings with the general public, engaged in a fraudulent scheme evincing such a high degree of moral turpitude and wanton dishonesty as to imply a criminal indifference to civil obligations (see, Philips v Republic Ins. Co., 108 AD2d 845, 846, affd 65 NY2d 1000; see also, Fleming v Allstate Ins. Co., 106 AD2d 426, affd 66 NY2d 838, cert denied — US —, 106 S Ct 1493).

We note further that the plaintiff's complaint does not state

a cause of action for consequential damages, since the alleged damages arose neither from the defendant's breach of the insurance contract, nor were they within the contemplation of the parties when the policy was issued *(LTS Contrs. v Hartford Ins. Co.,* 99 AD2d 644, 645; *see also, Orester v Dayton Rubber Mfg. Co.,* 228 NY 134, 137).

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Weinstein, J. P., Rubin, Eiber and Spatt, JJ., concur.