■ DERRICK MARTIN et al., Respondents, v METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant. (And an Interpleader Action.) [656 NYS2d 318] —In an action to recover damages for breach of contract, the defendant appeals from so much of an order of the Supreme Court, Westchester County (Silverman J.), entered May 17, 1996, as denied that branch of the defendant's motion which was to dismiss the complaint insofar as it asserted a claim for consequential damages.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to dismiss the complaint insofar as it asserted a claim for consequential damages is granted.

The plaintiffs' property, a multi-family dwelling with three rental apartments, was insured by the defendant insurance carrier, Metropolitan Property and Casualty Insurance Company (hereinafter Metropolitan). On January 4, 1993, the property was damaged by fire. Metropolitan paid various amounts under the policy, including payment for "loss of use" until June 1993 when the plaintiffs allege that Metropolitan improperly discontinued further payment for loss of use and alternative living expenses. In July 1993 the mortgagee of the property, Chase Manhattan Mortgage Corp., commenced foreclosure proceedings. In November 1993 Metropolitan sent to the plaintiffs two checks totaling over $140,000 for repairs to the building. However, these checks were never cashed.

In January 1995 the plaintiffs commenced this action to recover damages for breach of contract as well as consequential and punitive damages. In pertinent part the complaint alleged that Metropolitan breached the terms of the policy by failing "to pay any additional monies towards the plaintiffs' loss of use [and] as a result * * * the mortgage encumbering the subject premises was foreclosed upon".

Metropolitan sought dismissal of the claims for consequential and punitive damages. The Supreme Court held that punitive damages were not recoverable in an action for breach of contract, but permitted the claim for consequential damages.

It is well-settled law in this State that consequential damages are not recoverable in an action to recover damages for breach of contract in the absence of the plaintiff's "showing that such damages were foreseeable and within the contemplation of the parties at the time the contract was made" (*Sweazey v Merchants Mut. Ins. Co.*, 169 AD2d 43, 45; *see also, American List Corp. v U.S. News & World Report*, 75 NY2d 38; *Williams v Associated Mut. Ins. Co.*, 211 AD2d 865; *Kanapaska v Prudential Prop. & Cas. Ins. Co.*, 122 AD2d 935; *LTS Contrs. v Hartford Ins. Co.*, 99 AD2d 644). Here it was neither foreseeable nor within the contemplation of the parties at the time of contract that failure to pay loss of use benefits would result in foreclosure and the consequential damages flowing therefrom. Nor does the contract of insurance contain any language which permits recovery for consequential damages (*see, High Fashions Hair Cutters v Commercial Union Ins. Co.*, 145 AD2d 465). Moreover, inasmuch as it appears that as of June 1993 Metro-

politan had paid the plaintiffs in excess of $54,000, including all "loss of use" benefits due under the policy up to that time, it is disingenuous for the plaintiffs to claim that they were forced into foreclosure only one month later in July 1993 as a result of Metropolitan's failure to continue these payments.

The appellant's remaining contentions are without merit. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.