■Moneli, J.
'It is conceded that the contract was a sale and purchase of all the hay and clover on board of the barge, and that a portion of it was put on board the schooner, which, it is claimed by the defendants, was the place designated by them for the delivery, and was there accepted by the defendants.
In contracts for the sale of goods, which are divisible and capable of a separate physical performance, the clear weight of authority is, that a delivery and acceptance of part, renders the contract valid. (Seymour v. Davis, 2 Sandf. S. C. 239. Deming v. Kemp, 4 id. 147. McKnight v. Dunlop, 5 N. 7. Rep. 537. Catlin v. Tobias, 26 id. 217.) Such, indeed, is the exception, by the express terms of the statute. (2 R. S. 136, § 3, sub. 2.) The delivery and acceptance of a part of the hay brought the case directly within the exception, and the contract was not, therefore, affected by the statute of frauds.
Upon which of these parties the loss of the property destroyed by fire should fall, depends upon who had the title to it at the time of its destruction. If nothing remained to be done by the sellers, either to- ascertain the identity of the property, or its quantity, or quality, or to put it in a condition for sale, then it, was a complete sale, and the title and risk then resided in the purchasers. A delivery was not essential; and the title passed as well without as with the possession, or the right to the possession. (Olyphant v. Baker, 5 Denio, 379 Crofoot v. Bennett, 2 Comst. 258. Joyce v. Adams, 8 N. 7. Rep. 291. Wooster v. Sherwood, 25 id. 278. Terry v. Wheeler, Id. 520.)
So far as there were any disputed questions of fact necessary" to be determined in order to ascertain whether the sale was completed, such questions were submitted to the jury, under the instruction to find for the plaintiffs, if they believed the *27 sale was completed, and the jury have found in favor of the plaintiffs on all such questions. Thus they have found that by the terms of the contract, nothing remained to be done by the plaintiffs, except to put the barge alongside the schooner, which was done. They found the goods were sufficiently identified, and that the. defendants were to accept the weight marked on the bales, less five pounds each. And they have also found,'that it was no part of the contract that the hay was to be inspected, And the jury thus found, upon conflicting evidence.
This, then, was a clear case of a completed sale, and the title to the property was in the defendants at the time of its destruction. In Olyphant v. Baker, (sup.) the contract was for the sale of a quantity of barley, at a certain price per bushel, and it was to be weighed or taken at the iveight stated on the plaintiff’s hooks, and it was held that the quantity being thus ascertained, nothing further remained to be done, and the title passed to the purchaser. But Strong, Justice, in Crofoot v. Bennett, (supra,) goes much farther, and says : “ If the goods sold are clearly identified, then, although it may be necessary to number, weigh or measure them, in order to ascertain what would be the price of the whole, at a rate agreed upon between the parties, the title will pass.
The agreement here was that the purchasers were to take the hay at the weight marked upon the bales, less five pounds on each bale. The hay was not to be weighed. It consisted of an entire cargo, and was, therefore, plainly identified. There was no separating of a part from a bulk. (Field v. Moore, Lalor’s Sup. 418.) In short, there was nothing for the plaintiffs to do, except to put the barge alongside the defendants' schooner.
But it was said, that as the purchase was of good shipping hay, the defendants had a right to have it inspected, or examined, for the purpose of seeing that the hay was of the required quality. It is enough, perhaps, to say that such inspection formed no part of the contract. The defendants, doubtless, had the right to examine the hay, and were not *28 bound to receive any not of the quality represented. With that, however, the plaintiffs had nothing to do. It was not a condition of the sale, and imposed no duty or obligation on them. If this hay was not good, it might be rejected, but in ascertaining whether it was good, the defendants were the actors, and the plaintiffs had nothing to do with it. So, again, it was the right of the defendants to keep the tally of the weight, for their own information and satisfaction. The plaintiffs had already done that, and were informed and satisfied, and there was, therefore, nothing for the plaintiffs to do in ascertaining the weight.
Under the evidence, therefore, and the finding of the jury upon it, this seems to me a clear case of a completed sale, and, hence, the requests to charge were properly refused.
The evidence upon which the jury found the facts against the defendants, was conflicting, and their verdict cannot be disturbed.
I am in favor of affirming the judgment, and order.