WILLIAM B. VAN WOERT, Respondent, v. THE ALBANY AND SUSQUEHANNA RAILROAD COMPANY, Appellant.

Plaintiff contracted, by parol, to sell, and defendant to purchase, 1,000 cords of wood, or so much thereof as plaintiff could cut and deliver, at a specified price per cord; no time for performance was fixed. Plaintiff delivered, and received pay for, about 322 cords, and had about 200 cords more ready for delivery; this he commenced to draw, and had piled nineteen cords by the side of defendant's road, when he was

notified not to bring more, that defendant did not want it; and it refused to pay for the nineteen cords. In an action to recover damages, *held*, that the partial delivery and acceptance answered the requirements of the statute of frauds, and validated the contract; that the contract was not one that could not be performed within a year; also, that the contract was not so indefinite as to be void.

(Argued December 4, 1876; decided December 19, 1876.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for the alleged breach of a contract to sell and deliver a quantity of wood.

The contract, according to plaintiff's evidence, was made by parol in May, 1869. By it plaintiff agreed to sell and deliver to defendant 1,000 cords of wood, or so much of that quantity as he could cut and deliver, which defendant agreed to purchase and pay for at three dollars and fifty cents per cord for hard wood, and three dollars per cord for soft wood.

Plaintiff delivered, prior to May, 1870, upon the contract, 322½ cords, which were accepted and paid for by defendant. He had about 200 cords more cut, but defendant's agent requested him to delay, as the company was about to occupy the place of delivery with new tracks. In the following winter, plaintiff commenced drawing the residue; he drew and piled up nineteen cords by the side of defendant's road, when he was notified by defendant that it did not want any more, and that he must not bring any more. Defendant refused to take and pay for the nineteen cords, or the balance ready for delivery.

The court charged, in substance, that the contract, as the plaintiff testified to it, was void under the statute of frauds; but that if they found that such a contract was made, and that the wood subsequently delivered and accepted was delivered and accepted upon that contract, such delivery and acceptance took the contract out of the statute and made it valid; and if the parties understood, when the last portion of wood was deliverd in March, 1870, or when it was paid for,

that there was such a contract, and that it was to continue thereafter and be fulfilled by the delivery of the wood at a subsequent time, the plaintiff may recover damages for the refusal of the defendant to accept the wood offered by the plaintiff to be delivered in the winter of 1870 and 1871; to which defendant's counsel duly excepted.

*J. G. Runkle* for the appellant. The contract alleged and proved by plaintiff was void for want of mutuality of obligation. (Chitty on Pld'gs, 297; Chitty on Contracts, 15; id. [2d ed.], 366; *Keep* v. *Goodrich*, 12 J. R., 397; *Livingston* v. *Rogers*, 1 Cai. Cas., 583; *Tucker* v. *Woods*, 12 J. R., 190.) It was also void for indefiniteness, ambiguity and uncertainty, both as to quantity and time of delivery. (2 Pars. on Con., 77, 78; *Buckminster* v. *Consumers' Ice Co.*, 5 Daly, 313.) The delivery, acceptance of, and payment, for each parcel made a several and distinct sale of each parcel, and the interpretation of these sales was a question of law for the court. (*Seymour* v. *Davis*, 2 Sand., 238; *Deming* v. *Kemp*, 4 id., 147; *Banker* v. *Hoyt*, 18 Pick., 55.) The court erred in charging that the contract, being void because it was not to be performed within a year, could be ratified by subsequent part delivery and made valid. (*Wier* v. *Hill*, 2 Lans., 278; *Bartlett* v. *Wheeler*, 44 Barb., 162; *Broadwell* v. *Getman*, 2 Den., 87; *Lockwood* v. *Barnes*, 3 Hill, 128; *Oddy* v. *James*, 48 N. Y., 685; *Boydell* v. *Drummond*, 11 East, 159; *Hervin* v. *Butlers*, 20 Me., 119; *King* v. *Welcome*, 5 Gray, 43; *Shute* v. *Dorr*, 5 Wend., 204; *Peters* v. *Westborough*, 19 Pick., 364; *Hill* v. *Gray*, 1 Gray, 133.)

*George Scramling* for the respondent. The contract, as proved by plaintiff, was not void on the ground that it was not to be performed within one year. (*Moore* v. *Fox*, 10 J. R., 244; *Lockwood* v. *Barnes*, 3 Hill, 128; *Artcher* v. *Zeh*, 5 id., 200; *Bap. Ch.* v. *Ins. Co.*, 19 N. Y., 307; *Dresser* v. *Dresser*, 35 Barb., 573.) The part performance of the contract took it out of the statute of frauds. (*McKnight* v. *Dun-*

*lap*, 5 N. Y., 537, 542, 543 ; *Good* v. *Curtis*, 31 How., 4, 11 ; *Bradley* v. *Wheeler*, 4 Robt., 18 ; *Allen* v. *Aguira*, 5 Legal Obs., 380 ; *Boutwell* v. *O'Keefe*, 32 Barb., 434 ; *Thompson* v. *Mink*, 2 Keyes, 86 ; *Smith* v. *N. Y. C. R. R. Co.*, 4 id., 180 ; *Gault* v. *Brown*, 2 Am. R., 210 ; *Bissell* v. *Balcom*, 39 N. Y., 275 ; *Cross* v. *O'Donnell*, 44 id., 665 ; *Killmon* v. *Howlett*, 48 id., 569 ; *Webster* v. *Zilley*, 52 Barb., 482.) The contract was not void for uncertainty. (Code, § 169 ; Wait's An. Code, 315, 316 ; *Fells* v. *Vestvali*, 2 Keyes, 153 ; *Lobdell* v. *Lobdell*, 36 N. Y., 327.)

Earl, J. The jury were authorized to find, and we must assume that they did find, that there was a parol contract for the sale of wood, by which the defendant agreed to purchase and take of the plaintiff 1,000 cords of wood, or so much of that quantity as the plaintiff could cut and deliver, and pay for the same three dollars and fifty cents per cord for hard wood and three dollars per cord for soft wood ; and the plaintiff agreed to deliver the whole, or so much of the 1,000 cords as he could cut and deliver.

We will assume, as most favorable to the appellant, that that was not a contract for work and labor, but one for the sale of the wood ; and as there was no compliance with the statutes of frauds, that it was void when made.

There was subsequently a delivery of wood, and the judge submitted the evidence to the jury for them to find whether such delivery was upon and in pursuance of the prior contract ; and as there was sufficient evidence authorizing such a finding, we must assume that they found that the subsequent delivery was upon the contract. Hence such delivery answered the requirement of the statute of frauds and made the contract of sale valid. (*McKnight* v. *Dunlop*, 5 N. Y., 537 ; *Thompson* v. *Mink*, 2 Keyes, 86 ; *Bordwell* v. *O'Keefe*, 32 Barb., 434 ; *Bradley* v. *Wheeler*, 4 Rob., 18.)·

This is not the case of a contract not to be performed within a year. It was not such that by its terms it could not be performed within a year, but it might have been, and.

therefore, was not void. (*Lockwood* v. *Barnes*, 3 Hill, 128; *Artcher* v. *Zeh*, 5 id., 200; *Baptist Church* v. *Insurance Co.*, 19 N. Y., 307.)

This was a contract binding upon both parties after the partial delivery. The plaintiff was bound to cut and deliver as much as he could up to 1,000 cords, and was bound to use reasonable efforts to perform his part of the contract; and the defendant was bound to take and pay for the wood thus delivered. Hence, there was mutuality in the contract.

The contract, as proved, was not so indefinite as to be void. There was no particular time mentioned within which the wood was all to be delivered. But the law in such a case gives the vendor a reasonable time, and that is sufficiently definite as to time. The quantity was limited to 1,000 cords, and the vendor was obliged to deliver all or so much of this as he could, and that was sufficiently definite and certain as to quantity.

We have carefully considered all of defendant's exceptions and find none of them well taken.

The opinion at General Term is so full and satisfactory that a further description of the case here is unimportant.

The judgment must be affirmed.

All concur; ALLEN, J., not sitting.

Judgment affirmed.