## In the Matter of the Estate of MAX LIPPMAN, Deceased.

Surrogate's Court, New York County, March 19, 1935.

*Matthew Swerling*, for the executors, proponents.

*David L. Podell* [*Mortimer Hays, Jacob J. Podell* and *Robert J. Rudner* of counsel], for the contestant.

*John T. Dooling*, special guardian.

*Hartman, Sheridan, Tekulsky & Pecora*, for the widow.

DELEHANTY, S. In this contested probate proceeding a jury trial was seasonably demanded by contestant and in due course an order was made framing the issues to be tried. The first three issues as framed required the jury to consider and report their findings respecting the performance or omission of the various steps necessary to due execution of the will. The fourth required a jury finding whether deceased had or lacked testamentary capacity. The fifth required a finding whether or not the propounded instrument was the product of undue influence. The sixth and last required decision whether or not the propounded instrument was procured by fraud.

The case was fully tried and toward the end of it contestant, through his counsel, conceded the testamentary capacity of deceased. The court thereupon announced that at the close of the case it would direct a verdict on this issue in favor of proponent. When

the evidence was all in, the court, on motion of proponent, stated that it would also direct a verdict on the issues of undue influence and fraud. The court then submitted to the jury only the questions dealing with the due execution of the instrument. The jury failed to agree. On the coming in of the jury and its report of its failure the court directed answers to be made in conformity with previous rulings on the issues of testamentary capacity, undue influence and fraud. Thereafter the jury was discharged and the court directed a resubmission to another jury of the issues relating to due execution.

Contestant asserts that this practice is erroneous and now moves for retrial of all the framed issues notwithstanding the directed verdict returned by the jury on three of the six issues framed. The court is of opinion that the motion of contestant must be denied. The issues in respect of which the jury disagreed are wholly unrelated to the remaining issues in respect of which a directed verdict was recorded. On the issue respecting the testamentary capacity of deceased contestant conceded that he had made no case. In respect of the issues of undue influence and fraud the court held as matter of law that contestant had made no case. The action of the court in directing the verdict on these issues may be reviewed by contestant after decision of the remaining issue if by reason of such decision the will is probated. If contestant succeeds in the attack on the will which is predicated of lack of conformity to statute in signing and publishing it the issues of undue influence, of fraud and of testamentary capacity will be academic. So, too, will be the court's action thereon.

A retrial of all the issues could have no other result than to give to contestant a second chance to litigate issues upon which he once failed and to give him the unwarranted advantage of having a jury hear proof which can scarcely fail to influence their decision on issues to which the proof does not relate. No sound reason can be urged for giving to any litigant the right to retry an issue on which he has once been fully heard. No litigant has the right to import into a trial issues once decided against him merely that he may use such issues as cover for appeals to jury sentiment when unrelated issues are on trial. The question whether deceased properly signed his will and properly published it to his witnesses and the question whether his witnesses signed the will after him and in his presence cannot by any reasoning be said to be non-separable from the question whether deceased was possessed of testamentary capacity. What a waste it would be to retry the issue of mental capacity after contestant formally conceded deceased's capacity on the record of the trial already had! Equally it is true that questions of due execution may not be said to be non-separable from questions of

undue influence and of fraud. Indeed these latter questions presuppose an instrument executed in conformity with statute.

Though the issues in a contested probate proceeding are usually submitted to a single jury and though in the ordinary case that joint trial of issues produces no untoward results, it is still the fact that the issues are essentially diverse in content. It can be stated correctly that unless a propounded instrument has been signed, published and witnessed in conformity with statute it is unnecessary to inquire as to testator's capacity. Again it may correctly be said that if testamentary capacity is lacking, due execution and meticulous conformity to statutory forms will not suffice to admit the propounded instrument to probate; and lack of fraud or undue influence in the process would be equally without weight.

That these issues are separable and actually are separate each from the other is evident also from the rules of law governing their trial. As to testamentary capacity and due execution proponent has the burden of proof; as to other issues the burden is on contestant. It would seem not to be an abuse of discretion for this court in the first instance to direct a separate trial of these respective issues. Cases may arise where such separate trial might be required in the interests of the due administration of the law and the preservation of the rights of the parties concerned — not the least of whom is the deceased whose will is entitled to probate and whose plans for disposal of his property are entitled to respect if in fact he executed his will in conformity with law. Such separate trial of the issues affecting due execution might well have been ordered in this case. It should now be had separately because that issue only remains for decision.

The order for the retrial of those issues only on which the jury disagreed is in conformity to the practice regularly pursued by both the surrogates of this court. The practice is supported by reason and by authority. The Appellate Division of the First Department in *Matter of Eno* (196 App. Div. 131) sent back to this court for retrial only an issue of testamentary capacity though various issues had been submitted to the trial jury. The Appellate Division in the cited case was divided on the question whether it would send back also for retrial the issue of undue influence. The court let stand the decree so far as that issue was concerned. Attempt is made to distinguish this case on the score that after a trial and a decree an appellate court may order an issue retried separately but that the trial court has no such power. It would seem that what is a common sense direction by an appellate court is equally logical in a trial court.

Simultaneously herewith this court has made a decision granting proponent's motion for a special jury (154 Misc. 915). Counsel for contestant has announced his intention to appeal from such decision and from this decision. The appeals if taken will serve to clarify the practice on two matters which vitally affect the administration of law in this court. Accordingly the date for jury attendance will be fixed sufficiently far in the future to permit adequate review.

Order denying contestant's motion to resubmit all of the framed issues to a new jury signed.