In the Matter of Proving the Last Will and Testament of GIUSEPPE GALLO, Deceased, as a Will of Real and Personal Property. JOSEPHINE GALLO KINE, SALVATORE A. GALLO, MARY A. GALLO DEVLIN, ANTHONY J. GALLO and JOHN GALLO, Appellants; EMILIA MAZZARA GALLO, as Executrix Named in the Last Will and Testament of GIUSEPPE GALLO, Deceased, and JOSEPH F. SOVIERO, Special Guardian for JOSEPH GALLO, an Infant, etc., Respondents.— In a proceeding commenced by respondent Emilia Mazzara Gallo, by petition, for probate of a paper writing as the last will and testament of Giuseppe Gallo, the appellants, by answer, alleged lack of due execution, lack of testamentary capacity, and fraud and undue influence. An order was made directing trial of the issues by jury in the form of seven questions. At the conclusion of contestants' case, the learned surrogate granted respondent's motion to dismiss the objections, instructed the jury to answer the framed issues in accordance therewith, and directed that the paper writing be admitted to probate. The contestants appeal from the decree except as to that part thereof which awards an allowance to the special guardian. Decree of the Surrogate's Court of Queens county, in so far as an appeal is taken therefrom, reversed on the law and the facts, with costs to abide the event, and matter remitted to the Surrogate's Court for trial of the framed issues. We are of opinion that a question of fact as to the issue of undue influence was presented for the determination of the jury. It was within the province of the jury, on the proof adduced, to find that a meretricious relationship existed between the decedent and the petitioner; that prior to the time of the claimed commencement of that relationship the decedent regarded all his children with natural affection and that he intended to provide for them in an approximately equal manner; that no basis existed for his violent antipathy towards certain of his children, as expressed in the paper writing itself; that petitioner dominated decedent to such an extent that she was able to and did induce him to change his testamentary intention in accordance with her wishes on two occasions and to make her the beneficiary of his pension fund. We are also of opinion that it was error for the court to restrict examination of petitioner as a hostile witness and to exclude portions of her deposition, taken before trial, which were inconsistent with her testimony on the trial. In our opinion, all of the issues must be retried. (*Matter of Mackenzie*, 272 N. Y. 403.) Hagarty, Davis, Johnston, Taylor and Close, JJ., concur.