SIGMUND SUSLAK, Appellant, v. I. ROKEACH & SONS, INC., Respondent.— Action to recover damages for breach of a contract granting plaintiff an exclusive sales agency for certain territory in Brooklyn for the sale of defendant's food products, which agency was to continue as long as plaintiff wished to work in it and as long as plaintiff met certain specified conditions as to volume of sales, etc. The terms of the arrangement were complied with by both the plaintiff and the defendant for a period of over twenty years, at the end of which time the defendant assumed the right to treat the contract as one at will and discharged the plaintiff. The plaintiff had a verdict for $3,750. On defendant's motion the court set aside the verdict, and on motion of the defendant, made at the close of the plaintiff's case, on which decision had been reserved, dismissed the complaint. Judgment reversed, with costs, defendant's motions to set aside the verdict and to dismiss the complaint denied, the verdict in favor of plaintiff reinstated, and judgment directed to be entered thereon, with costs. The allegation in the complaint that the agreement constituted the plaintiff "permanently, for his lifetime", exclusive sales agent was a mere conclusion of the pleader as to the legal effect of the terms of the oral contract as testified to by the plaintiff. The conclusion was justifiable and the plaintiff was entitled to a submission to the jury on that theory. (*Ehrenworth* v. *Stuhmer & Co.*, 229 N. Y. 210; *Kelly-Springfield Tire Co.* v. *Bobo*, 4 F. 2d 71; *Warner* v. *Texas and Pacific Railway*, 164 U. S. 418; *Kent et al.* v. *Kent et al.*, 62 N. Y. 560; *Atlas Brewing Co.* v. *Huffman*, 217 Iowa 1217.) However, this question need not be decided and has become academic in view of the course pursued

at the trial and the position taken by the plaintiff after the verdict of the jury. The court submitted the case to the jury on the theory that they might find on plaintiff's testimony that he was entitled to the benefit of a contract for a reasonable period of less than a year. The court was in error in assuming that the Statute of Frauds (Personal Property Law, § 31, subd. 1) had any application to the situation. The oral contract, as a matter of possibility, by its terms could have been performed within less than one year; therefore, the statute had no application. (Richardson on Contracts [5th ed.], § 247, p. 223, and cases cited.) The submission was on the authority of the doctrine stated in paragraph 3 of section 1027A of Williston on Contracts (Vol. 4, [Rev. ed.]). As the undisputed proof was that the plaintiff's average earnings were $6,500 a year, the verdict of the jury discloses that it found that a reasonable time was a period of a little over six months. Plaintiff on the trial and on this appeal insisted that he was entitled to the more favorable submission, but at the same time he indicated a willingness to abide by the jury's verdict. He seeks on this appeal relief in the alternative, (a) a new trial directed to be had on the theory of a contract to endure as long as plaintiff met the conditions, with the trial limited to the issue of damages; and (b) in the event such relief be not accorded, that the verdict be reinstated. A new trial under such limitations as to issues to be tried may not be had. (*Matter of Mackenzie*, 272 N. Y. 403; *Matter of Gallo*, 252 App. Div. 861.) Since plaintiff acquiesces in the less complete form of submission and the result thereof, the verdict should be reinstated. This disposition gives the defendant the benefit of a form of submission more favorable than that to which it was entitled; hence it has no grievance of which it may be heard to complain. Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ., concur.