Appeal by defendants from so much of an order as denied their motion for judgment on the pleadings dismissing the complaint. The first cause of action seeks damages resulting from the breach by defendant Demuth Glass Works, Inc., of an alleged oral contract with plaintiff, whereby plaintiff was granted the exclusive right to act as its agent in the sale and distribution of "cane glass ” manufactured by it, to a certain class of buyers. The second cause of action pleads the breach of a somewhat similar written agreement. The third cause of action, as limited by the bill of particulars, alleges a conspiracy on the part of all the defendants to induce the breach of the agreement set forth in the second cause of action. Order, insofar as appealed from, affirmed, with $10 costs and disbursements. "The oral agreement alleged in the first cause of action is not lacking in mutuality. (Moran v. Standard Oil Go., 211 N. Y. 187; Ehrenworth v. Stuhmer & Go., 229 N. Y. 210; Atlantic Metal Products v. Minskoff, 267 App. Div. 1002, affd. 295 N. Y, 566.) Neither is it' barred by subdivision 1 of section 31 or section 85 of the Personal Property Law. {Ward v. Hasbrouck, 169 N. Y. 407; Suslak v. Bokeach é Sons, 269 App. Div. 779, affd. 295 N. Y. 799; Garter White Lead Go. v. Kinlin, 47 Neb. 409; Van Woert v. Albany & Susquehanna B. B. Co., 67 N. Y. 538; Phillips-Jones Go., Inc., v. Betting é Schoen, Inc., 193 App. Div. 716.) The cases of Cohen V. Bartgis Bros. Go. (264 App. Div. 260, affd. 289 N. Y. 846) and Franklin Sugar Bef. Go. v. Eiseman (290 Pa. 486), relied on by defendants, are not controlling, as the contracts there involved are dissimilar. The second cause of action is also sufficient. (Ehrenworth v. Stuhmer é Go., supra; Atlantic Metal Products v. Minskoff, supra; 4 Williston on Contracts [Bev. ed.], § 1027A; Bailey v. Stafford, Inc., 178 App. Div. 811; Abrams v. George E. Keith Go., 30 P. 2d 90; Fuel Go. v. Plumb, 182 Pa. 463.) The third cause of action is likewise sufficient. (Hornstein v. Podwitz, 254 N. Y. 443; Bemy Beverages, Inc., v. Myer, 269 App. Div. 1013.) While defendant Demuth Glass Works, Inc., is not a proper party to this cause of action, such a defect is not a ground for dismissal. (McKnight v. Bank of New York & Trust Co., 254 N. Y. 417; Bules Civ. Prac., rule 102; Civ. Prac. Act, § 192.) Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.