Van Voorhis, J.
This action is to enforce an executory contract of sale of $13,068 worth of iron bars from defendant to plaintiff. Defendant has wholly failed to make delivery notwithstanding plaintiff’s demand. The order appealed from denies defendant’s motion to dismiss the complaint on the ground that the contract is within the Statute of Frauds.
The order should be reversed and the complaint dismissed. Section 85 of the Personal Property Law provides that such a contract is not enforcible “ unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless 'some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.” Plaintiff claims to have complied with these requirements by procuring an irrevocable letter of credit reciting the provisions of the alleged agreement which was sent to defendant. No action was taken under the letter of credit; it was receivéd by defendant in the mail, remained in its files for three weeks, at the end of which it was returned unaccepted to the bank. It is pointed out in the opinion of the Special Term that the *172 object of section 85 of the Personal Property Law is to require that there be some overt act between the parties to bind the bargain more substantial than mere spoken words. It was held that the letter of credit fulfills such a requirement.
Acknowledging the force of this reasoning, we have nevertheless concluded that the statute must be enforced as it is written. The statement in writing of the terms of the agreement in the letter of credit is not sufficient since it is not signed by or on behalf of the party to be charged. It was not drawn upon, and consequently did not become part payment of the purchase price. The argument is stressed that it was “ something in earnest to bind the contract.” In De Waal v. Jamison (176 App. Div. 756, affd. 226 N. Y. 644) this court said (176 App. Div. 758): “ In ‘ Words and Phrases Judicially Defined ’ (Vol. 3, p. 2302) * earnest ’ is defined as ‘ payment of part of the price of goods sold, or a delivery of part of the goods, for the purpose of binding the contract. The idea of “ earnest ” in connection with contracts was taken from the civil law. As used in the Statute of Frauds providing that sales of personalty of over a certain value shall be void unless there be a memorandum in writing or the purchaser receive and accept the same, or give something in earnest, “ earnest ” means a part payment of the price.’ (Citing authorities).” Even if the meaning of this term were to be enlarged somewhat, it would not be broad enough to cause a mere letter from the purchaser stating the terms of the bargain to bind the seller unless the latter accepted it in writing or made at least part delivery of the goods (Van Woert v. Albany & Susquehanna R. R. Co., 67 N. Y. 538). The fact that it was a letter ‘ of credit ” does not materially strengthen the plaintiff’s position. It shows that plaintiff seriously desired to consummate the transaction but is not an indication that defendant assented thereto. It does not tend to protect the party to be charged against the consequences which the Statute of Frauds was designed to avert.
The order appealed from should be reversed, with $20 costs and disbursements, and the motion to dismiss the complaint granted.
Martin, P. J., G-lennon, Dore and Callahan, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion to dismiss the complaint granted.