WILLIAM A. HOFFBERG, Plaintiff, *v.* FAWCETT PUBLICATIONS, INC., Defendant.

Supreme Court, Trial Term, New York County, October 3, 1950.

*J. A. Diskin* and *William E. Flannery* for defendant.

*Abraham Kantor* for plaintiff.

WALTER, J. Upon the trial of this case I dismissed plaintiff's second cause of action at the close of plaintiff's evidence and submitted to the jury the questions of fact arising under the first cause of action. The jury disagreed.

Defendant now moves to sever the second cause of action, apparently as a step toward entering a judgment dismissing the second cause of action and thus limiting the retrial to the first cause of action.

It would seem to me that if such an order were made, a judgment dismissing the second cause of action could be entered and plaintiff could appeal therefrom and a determination of the validity of that cause of action thus could be obtained with a minimum of effort and expense; and that a granting of the motion consequently would be desirable from the standpoint of both justice and convenience. (See *Matter of Lippman,* 155 Misc. 6, affd. 245 App. Div. 807.)

Nevertheless the rule now seems to be that a retrial after a jury disagreement must extend to all issues even though some of them were decided by the trial judge upon the first trial (*Matter of Mackenzie,* 272 N. Y. 403). The language of the *Per Curiam* opinion in that case is at least suggestive of the idea that the result there reached was reached because the judge's ruling upon the first trial had not been embodied in any order, decree, or judgment, but the fact remains that the thing there reversed was an order which attempted to so embody it. I hence must regard *Matter of Mackenzie (supra)* as in effect

overruling *Matter of Lippman,* 155 Misc. 6, affd. 245 App. Div. 807 (*supra*), and as requiring a denial of this motion.

Under section 463 of the Civil Practice Act, as amended after *Matter of Mackenzie* was decided, the court may direct that the retrial after a jury disagreement be of the issues as to which the jury disagreed or of those issues and of issues as to which the jury rendered a verdict by direction or otherwise. But in this case the jury did not render any verdict and I do not think the section even as amended goes far enough to warrant the granting of this motion. (See *Matter of Gallo,* 252 App. Div. 861; *Matter of Lawler,* 257 App. Div. 1098, and *Certificate Holders Protective Corp.* v. *Spier Co.,* 174 Misc. 553.)

The motion is accordingly denied.