In the Matter of the Probate of the Will of KATHERINE WALTHER, Deceased. GEORGE WALTHER, Appellant; KAROLINA W. BARNARD, Respondent.

Fourth Department, July 11, 1956.

*Sidney B. Coulter* for appellant.

*John B. Tuck, Jr.,* for respondent.

*Per Curiam.* In this proceeding for the probate of the will, objections were filed and the matter was tried out before the Surrogate and a jury. The jury by its verdict sustained the proponent except as to the third question submitted, viz., whether the testatrix was free from restraint and undue influence. Answering that question, the jury found for the objectant by a 10 to 2 vote. After the verdict was reported, the propo-

nent moved to set aside the verdict as to question numbered "third". The Surrogate made a decree which (1) granted a motion by the proponent to dismiss the objections on the ground that the evidence was insufficient in law to substantiate them and (2) granted the motion to set aside the verdict as to question three as being against the weight of evidence. The objectant, George Walther, appealed from the decree. Before the case was submitted to the jury, the Surrogate had denied the proponent's motion for a directed verdict, impliedly holding there was a question of fact for the jury.

As the record first came to us, all motions, prior to the submission to the jury, had been passed upon, including the proponent's motion to dismiss the objections. The record showed that the only motion pending and undecided was the one to set aside the verdict pursuant to section 549 of the Civil Practice Act which, if granted, required that there be a new trial. The parties, however, through their attorneys, have stipulated to amend the record to show that, although the proponent's motion for a directed verdict was denied, the motion to dismiss the objections was reserved by the Surrogate so that he had authority to decide the same even after the coming in of the verdict. (Civ. Prac. Act, § 457-a.)

Upon this appeal, the respondent took the position that a verdict of a jury in a probate proceeding tried in the Surrogate's Court is merely advisory and not binding upon the Surrogate. (See Surrogate's Ct. Act, § 144.) That view which was taken in the Surrogate's Court of New York County shortly after the amendments of 1914, is not the law. The parties have the right by statute to a jury trial of the issues in a contested probate proceeding and the verdict is conclusive unless set aside by the court. (*Matter of Barlow,* 180 App. Div. 860; *Matter of Eno,* 118 Misc. 186; 196 App. Div. 131; *Matter of Mittelstaedt,* 280 App. Div. 163.)

A review of the testimony in this case convinces us that the dismissal of the objections, as a matter of law, was erroneous. The evidence made out a question of fact as to restraint and undue influence which was properly submitted to the jury for determination. The denial of proponent's motion for a directed verdict indicates that the Surrogate recognized there was a fact question. The dismissal of the objection, embodied in question "third", as a matter of law cannot be sustained. We do, however, agree with the Surrogate insofar as the decree set aside the verdict as against the weight of evidence, but in such case, it was requisite that there be a new trial. The issue raised in question 3 is the sole issue required to be resolved

upon the new trial. (*Matter of Lippman*, 155 Misc. 6, affd. 245 App. Div. 807.)

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and BASTOW, JJ.

Decree reversed on the law insofar as it dismisses the objections to probate and grants probate of the will, and a new trial granted as to question 3, and otherwise decree affirmed, without costs of this appeal to either party. [See *post*, p. 833.]