■ ANTOINETTE SCOGNAMIGLIO, as Administratrix of the Estate of ANTHONY SCOGNAMIGLIO, Deceased, et al., Respondents, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, Defendant and Third-Party Plaintiff-Respondent. ELMHURST CONTRACTING COMPANY, INC., Third-Party Defendant-Appellant.— Consolidated action to recover damages for wrongful death, for conscious pain and suffering, and for personal injuries against Consolidated Edison Company of New York, alleged to be the owner or general contractor of an excavation or trench, the walls of which caved in, causing the injuries resulting in the death of the intestate of respondent Scognamiglio and those complained of by respondent Mackie. The intestate and respondent Mackie were employed by Elmhurst Contracting Company, Inc., which had contracted with Edison to perform certain work, including the excavation of the trench. Edison served third-party complaints against Elmhurst alleging that Elmhurst had agreed to

indemnify Edison and that Elmhurst was the primary wrongdoer. At the conclusion of the evidence, the court granted Elmhurst's motion to dismiss the third-party complaint, and submitted the case, as to Edison only, to the jury, which disagreed. Elmhurst appeals from so much of an order on reargument as reinstated the third-party complaint. Appeal dismissed, without costs. The so-called order dismissing the third-party complaint at the conclusion of the evidence was nothing more than a ruling made by the trial court, which could have been reviewed only on appeal from a judgment entered after the trial (Civ. Prac. Act, § 583). The granting of reargument before any judgment had been entered and the reinstatement of the third-party complaint were similar rulings, and are not appealable even though the determination made was embodied in a written order (cf. *Flynn* v. *Board of Educ. of City of New York,* 270 App. Div. 855; *Palenius* v. *Fishman Co.,* 267 App. Div. 769; *Reade* v. *Halpin,* 180 App. Div. 157; *Kingsway Constr. Co.* v. *Metropolitan Life Ins. Co.,* 161 App. Div. 649). It is our opinion, however, that in any event the ruling by the trial court was properly made (cf. *Matter of Mackenzie,* 272 N. Y. 403; *Hoffberg* v. *Fawcett Pub.,* 198 Misc. 622), and consequently we express no opinion with respect to the merits of the controversy between Edison and Elmhurst. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.