SEYMOUR BORDEN et al., Respondents, *v.* CHESTERFIELD FARMS, INC., Appellant, et al., Defendants.

First Department, February 23, 1967.

*David Kashman* of counsel (*Robert B. Marcus, Herbert L. Maltinsky* and *Lawrence K. Katz* with him on the brief; *Marcus, Maltinsky & Marcus,* attorneys), for appellant.

*Morris D. Forkosch* of counsel (*Shapiro & Alter* with him on the brief), for respondents.

McNally, J. In this action for damages for the breach of oral contracts to establish, finance and service afternoon household milk delivery routes in the Borough of The Bronx, City of New York, the appeal of defendant-appellant raises questions as to the validity of the contracts and the proof of damages. The production and distribution of milk is regulated. (Agriculture and Markets Law, art. 21.) Plaintiffs and defendant-appellant Chesterfield Farms, Inc. are licensed dealers. Plaintiffs are Class C dealers, limited to the purchase of milk from Chesterfield for sale to retail customers in the County of Bronx. Chesterfield is a Class B dealer authorized to sell milk to Class C dealers. Prior to January, 1962, plaintiffs, as Class C dealers certified to Chesterfield, had successfully and profitably operated night routes. At or about this time negotiations between them resulted in the establishment of afternoon routes. The negotiations preceding the commencement of the routes included matters relative to the boundaries of the routes, the cost of developing and canvassing them; the supply of milk, the extension of credit therefor and the duration of the enterprise. Appellant Chesterfield contends the alleged contracts are invalid for uncertainty as to credit and quantity, and, in addition, the contracts were terminable at will.

There would have been substance to the points of the appellant, were it not for the prior course of dealings between the parties, the marketability of the Class C routes certified to the appellant, and the practical construction of the alleged contracts established by this record. The jury was enabled to find that the contracts were to subsist so long as the parties remained in business, on the terms and conditions established by the practical construction of the parties in the light of their prior experience and that Chesterfield failed to perform the contracts as alleged. (*Hedeman* v. *Fairbanks, Morse & Co.*, 286 N. Y. 240; *Ehrenworth* v. *Stuhmer & Co.*, 229 N. Y. 210; *Mar-Bond Beverage Corp.* v. *Dublin Distrs.*, 9 A D 2d 951; *Suslak* v. *Rokeach & Sons*, 269 App. Div. 779, affd. 295 N. Y. 799.)

The trial court properly denied appellant's belated motion during the trial to amend its answer to allege by way of defense the Statute of Frauds (former Personal Property Law, § 31, now General Obligations Law, § 5–701). Moreover, the statute is inapplicable. (*Suslak* v. *Rokeach & Sons, supra*, p. 780; *Ehrenworth* v. *Stuhmer & Co., supra*, p. 220; *Mar-Bond Beverage*

*Corp.* v. *Dublin Distrs., supra,* p. 952; *Jones* v. *Demuth Glass Works,* 271 App. Div. 840.) We have considered the other points made by the appellant and find them without substance, except on the question of damages.

The breach of a contract entitles the injured party to compensation measured by damages reasonably contemplated by the parties at the time of contract and definitely related to the breach. (*Spitz* v. *Lesser,* 302 N. Y. 490; *Cramer* v. *Grand Rapids Show Case Co.,* 223 N. Y. 63; *Orester* v. *Dayton Rubber Mfg. Co.,* 228 N. Y. 134; *Witherbee* v. *Meyer,* 155 N. Y. 446; *Todd* v. *Gamble,* 148 N. Y. 382.) In the case at bar profits from the operation of the afternoon routes were within the contemplation of the parties. The rules are well established. Their application, however, presents as many problems as there are varying circumstances. The difficulty in the instant case is that plaintiffs' proof of damages includes expenses in establishing and developing the afternoon routes as well as the market value of the routes based on the number of cases of milk sold. The charge enabled the jury to award damages in both categories. Plaintiffs may recover the development expenses (*Berstein* v. *Meech,* 130 N. Y. 354) or the market value of the routes at the time and place of the breach. They are not entitled to both items of damages. The trial court, although recognizing that recovery of the market value of the routes should preclude recoupment of the cost of development, ruled this was not so in the case at bar because the routes were not long-established. The evidence of market value of the routes reflects many factors including the cost of their establishment and development. Plaintiffs may advance the basis for damages most favorable to them and the appellant may adduce countervailing evidence thereon. (*Slater* v. *Kane,* 275 App. Div. 648.) If the plaintiffs elect to utilize market value they may not, in addition, seek to recover developing costs which give rise to the market value.

The cause has been fully and exhaustively presented and tried under the careful, skillful and painstaking supervision of the learned trial court. In the circumstances, the judgment should be reversed, on the law and the facts and in the exercise of discretion, without costs, and a new trial directed limited to the issue of damages. (*Mercado* v. *City of New York,* 25 A D 2d 75.)

STEUER, J. P. (concurring). I concur in the result but arrive at the conclusion by a somewhat different course than that

expressed in the majority opinion. It was not error to refuse to allow amendment of the answer to plead the Statute of Frauds but only because the statute did not apply. Such leave should be freely given (CPLR 3025). Even prior to the mandate of the statute, the application was timely in that defendant was not aware, prior to the trial, as to what plaintiffs were going to testify to as to the duration of the contract. Actually no one testified that there was any discussion about the duration of the contract. One plaintiff testified that it was to last "forever." Under familiar rules, a contract without time limits is terminable at will (*Churchill Evangelistic Assn.* v. *Columbia Broadcasting System*, 236 App. Div. 624; 1 Williston, Contracts [3d ed.], § 38, pp. 115–116). Having been so terminated, it was fully performed and the statute would not be applicable. Under the interpretation that the contract was to last as long as the parties were in business, it is very doubtful whether the statute would apply. None of the cases cited in the majority opinion is based on that express term. However, in view of the conclusion reached, a discussion in depth as to why a contract on the stated term would be vulnerable to the statute is not called for.

Plaintiffs' right of recovery here rests on their acting in pursuance of a promise to their detriment (Restatement, Contracts, Tentative Draft No. 2, 1965, § 90; see especially Illustration 12). As such, their damages would be what justice would require (Restatement, *op. cit.*; see, also, *Suslak* v. *Rokeach & Sons*, 269 App. Div. 779, affd. 295 N. Y. 799). The method of computation outlined in the majority opinion does, in my opinion, conform to that standard.

CAPOZZOLI and RABIN, JJ., concur with MCNALLY, J.; STEUER, J. P., concurs in opinion.

Judgment, so far as appealed from, unanimously reversed upon the law, upon the facts and in the exercise of discretion, without costs and without disbursements, and a new trial ordered limited to the issue of damages. (*Mercado* v. *City of New York*, 25 A D 2d 75.)