■ MOTIF CONSTRUCTION CORPORATION, Respondent, v BUFFALO SAVINGS BANK, Appellant.—Order unanimously reversed, with costs, and motion for partial summary judgment, dismissing from the amended complaint causes of action numbers fifth, sixth and eighth, granted. Memorandum: In causes of action one through four of its amended complaint plaintiff alleges that defendant agreed to grant building loans to it for its contracts to construct four separate structures and that after plaintiff began to work on such contracts defendant unlawfully, willfully and tortiously breached its agreements, causing loss of profits to plaintiff in specified amounts on each of the four contracts. In its answer defendant admits such allegations, and

they are not in issue on this appeal. In the fifth cause of action plaintiff repeats the prior allegations of the amended complaint and avers that at the time of defendant's breach plaintiff had under construction four other structures, that by reason of defendant's breach plaintiff was unable to complete them and suffered a loss of $64,911.76. In the sixth cause of action plaintiff alleges the foregoing and avers that during the course of the four contracts above mentioned it had made commitments with respect to other construction projects and that as the result of defendant's said breach, plaintiff was unable to pay the same and suffered loss of profit thereon in the sum of $34,800. In the eighth cause of action plaintiff realleges the foregoing and avers that by virtue of defendant's open and wrongful breach of contract in cancelling its commitments to plaintiff to make the building loans as alleged in the first four causes of action, the cancellation became a matter of public knowledge in the industry, so that plaintiff's reputation was seriously damaged and it was caused to become insolvent, to its damage in the sum of $500,000. Defendant's motion for summary judgment of dismissal of causes of action numbers fifth, sixth and eighth was denied on the ground that questions of fact are presented. The question of damages for breach of contract, presented in the first four causes of action of the amended complaint, is not raised on this appeal, defendant having conceded on those causes of action. Causes of action fifth, sixth and eighth do not purport to allege damages as such flowing from the breaches of the four contracts in the first four causes of action, for such damages would be recoverable in those respective causes of action. Moreover, plaintiff may recover as damages for the breaches of contract only such as "would naturally arise from the breach itself, or those that might reasonably be supposed to have been contemplated by the parties when the contract was made" *(Orester v Dayton Rubber Mfg. Co.,* 228 NY 134, 137; and, see *Borden v Chesterfield Farms,* 27 AD2d 165, 167). As a matter of law, the damages as pleaded in causes of action fifth, sixth and eighth were not contemplated at the time of the contract as naturally to arise in the event of a breach thereof. The question, therefore, is whether plaintiff has alleged valid causes of action based upon defendant's tortious misconduct in its termination of the four contracts involved in the first four causes of action. "Unless the contract creates a relation, out of which relation springs a duty, independent of the mere contract obligation [here, to lend money to plaintiff on building loans], though there may be a breach of the contract, there is no tort, since there is no duty to be violated" *(Rich v New York Cent. & Hudson Riv. R. R. Co.,* 87 NY 382, 395). Plaintiff has alleged no duty to it on the part of defendant independent of the contract relation which defendant violated. Moreover, plaintiff does not allege valid causes of action for prima facie tort, because defendant had a valid business interest to protect, in declining to carry out its agreement to make advances to plaintiff, in view of plaintiff's financial condition *(Long v Beneficial Fin. Co. of N. Y.,* 39 AD2d 11), and furthermore, plaintiff "fails to allege special damages with sufficient particularity" *(Morrison v National Broadcasting Co.,* 19 NY2d 453, 458). In addition, plaintiff's affidavits in opposition to the motion fail to set forth facts in support of its contention that defendant acted "tortiously" to destroy plaintiff's business or to harm plaintiff in its business *(Shapiro v Health Ins. Plan of Greater N. Y.,* 7 NY2d 56; and, see, *North Shore Bottling Co. v Schmidt & Sons,* 22 NY2d 171; *Albemarle Theatre v Bayberry Realty Corp.,* 27 AD2d 172). The court erred, therefore, in denying defendant's motion to dismiss causes of action fifth, sixth and eighth; and the order denying the motion should be reversed and the motion granted. (Appeal

from part of order of Erie Supreme Court in action for damages for breach of building loan commitments.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.